IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSE TORRES-HURTADO,

    Petitioner,

v.                                         CIVIL ACTION NO. 2:10cv8
                                                             (Judge Maxwell)

**WARDEN KUMA DEBOO,**

    Respondent.

## AMENDED REPORT AND RECOMMENDATION[1]

### I. BACKGROUND

On January 21, 2010, the *pro se* Petitioner, Jose Torres-Hurtado, an inmate at the Federal Correctional Institution ("FCI") Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, contending that the Bureau of Prisons ("BOP") erred in computing his sentence and seeking to have credit against his sentence for time he spent in federal custody.[2] Petitioner paid the filing fee on January 28, 2010.[3] On February 1, 2010, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the Respondent.[4] On March 3, 2010, Respondent filed his

---

[1] The sole purpose of this Amended Report and Recommendation is to recommend that, in addition to recommending Petitioner's Petition for Writ of Habeas Corpus be denied, Respondent's Motion to Dismiss be granted. The Report and Recommendation otherwise remains unchanged.

[2] Dkt. No. 1.

[3] Dkt. No. 5.

[4] Dkt. No. 6.

Response.[5] In addition to his response, Respondent also filed a number of exhibits and attachments, including the Declaration of J. Scott Farr.[6] On March 11, 2010, Petitioner filed a Response in Opposition to Respondent's Motion to Dismiss.[7]

## II. **FACTS**

On December 12, 2005, Petitioner was sentenced in the United States District Court for the Central District of California to a term of 77 months on the charge of being an Illegal Alien Found in the United States After Deportation, Case No. 03-00572. (Dkt. 9, Exh. 1). The BOP granted Petitioner prior custody credit from May 28, 2003, through December 11, 2005. (Id.) Petitioner was released via Good Conduct Time Release on December 24, 2008. (Id.) Petitioner remained in custody of the United States Marshals Service waiting to appear in federal court for the purposes of sentencing, after pleading guilty on August 13, 2007, to Conspiracy to Distribute Cocaine in Case No. CR 04-00186. (Id.)

On February 2, 2009, Petitioner was sentenced in the United States District Court for the District of Central California to a 240-month term of imprisonment for Conspiracy to Distribute Cocaine. (Id.) The BOP granted Petitioner prior custody credit from December 25, 2008, the day after he was released from the 77-month term of imprisonment and held in custody by the United States Marshals Service, through February 1, 2009, the day prior to the imposition and commencement of his 240-month term. (Id.) With consideration for prior custody credit and good conduct time, his projected release date is May 28, 2026. (Id.)

Petitioner satisfied the 77-month term of imprisonment prior to the imposition of the 240-

---

[5] Dkt. No. 8.

[6] Dkt. No. 9.

[7] Dkt. No. 12.

month term. (Id.) All of Petitioner's time spent in custody prior to his December 24, 2008 release was credited against the 77-month term of imprisonment. (Id.)

### III. CONTENTIONS OF THE PARTIES

Petitioner makes the following arguments in his Application for Habeas Corpus:

(1) The BOP failed to credit concurrent sentence of 77 months with the 240-month term;

(2) The BOP usurped judicial province by failing to abide by the court order of concurrent sentences and not crediting Petitioner for the previous 77 months served; and

(3) The BOP is not authorized to impose a different sentence.

Though worded differently in each, Petitioner's three arguments all involve whether the BOP properly applied and calculated the concurrent prison term of 240 months. Therefore, the three arguments will be addressed as one.

The Government contends that the petition should be dismissed because:

(1) Petitioner is not entitled to any additional prior custody credit because to do so would give him double credit for his detention time, and

(2) Any request for alternative relief should be filed in the United States District Court for the Central District of California.[8]

Petitioner filed a Response to Government's Motion to Dismiss again contending that the BOP improperly applied the concurrent sentence.

### IV. ANALYSIS

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). When computing

---

[8] In his petition, Petitioner requests relief in form of compliance "with the sentencing courts oper [sic] to run concurrent case No. CR 04-00186-RMT-9 to case No. CR 03-572-DDP state in the judgement [sic] of conviction; or in the alternative return to sentencing court to withdraw plea because of breach of agreement by government." Dkt. No. 1. The Court will not address the second form of relief requested because Petitioner's claim is without merit.

the sentence, the BOP must consider "(1) when the federal sentence commenced; and, (2) the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence." Bahena-Carreno v. Sherman, 2007 WL 1141511, *3-4 (W.D.Pa 2007).

The first inquiry, concerning the commencement of the sentence, is governed by 18 U.S.C. § 3585(a), which states:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

"Thus, under the express terms of the statute, a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." Bahena-Carreno, 2007 WL 1141511, *4.

To determine the extent to which the petitioner may be entitled to credit for time served, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir.

1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**) (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Here, Petitioner served 77 months for being an Illegal Alien Found in the United States After Deportation. Petitioner was released via Good Conduct Time Release on December 24, 2008. All of the time served prior to December 24, 2008, was applied to the 77-month sentence. (Dkt. 9, Exh. 1). Because Petitioner had already plead guilty on August 13, 2007, to Conspiracy to Distribute Cocaine in a subsequent case, Petitioner remained in custody of the United States Marshals Service until sentencing on February 2, 2009. Pursuant to § 3585(a), Petitioner's federal sentence of 240 months did not commence until February 2, 2009, the date it was pronounced. Under the plain language of the statute, Petitioner could not receive credit for serving the sentence until February 2, 2009. The Petitioner was, however, under § 3585(b), entitled to credit for time spent in detention prior to the sentence pronouncement. Accordingly, the BOP credited Petitioner with time served from December 25, 2008, the date after his release for time on the illegal alien sentence, through February 1, 2009, the date prior to sentencing for conspiracy to distribute cocaine. "Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period has not been credited against another sentence." Canword v. Pastrana, 352 Fed.Appx. 393, 295, 2009 WL 3748193 (11th Cir. 2009). Petitioner received credit for the 77-month sentence for time served on and prior to December 24, 2008. Therefore, the earliest date for which Petitioner could receive credit towards his 240-month sentence was December 25, 2008. The BOP gave Petitioner credit from time served starting on December 25, 2008. Accordingly, Petitioner's claims

5

must fail. The BOP did not err in calculating and imposing the concurrent 240-month sentence.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the Petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE** and the Government's Motion to Dismiss (Dkt. No. 8) be **GRANTED**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: May 3, 2010

                                                     /s/ *James E. Seibert*
                                                   JAMES E. SEIBERT
                                                   UNITED STATES MAGISTRATE JUDGE