```
               IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JOSE TORRES-HURTADO,**

    **Plaintiff,**

  v.                                                      Civil Action No. 2:10-cv-8

**WARDEN KUMA DEBOO,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING OBJECTIONS [ECF NO. 28], AND DENYING MOTION FOR LEAVE TO FILE OUT OF TIME APPEAL [ECF NO. 22]**

## I.    BACKGROUND AND REPORT AND RECOMMENDATION

On January 21, 2010, Petitioner Jose Torres-Hurtado ("Petitioner") filed an *Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.* ECF No. 1. On July 6, 2010, United States District Judge John Preston Bailey denied Petitioner's § 2241 habeas corpus petition and dismissed the action, with prejudice. ECF No. 18.

On or about September 5, 2023, Petitioner filed his *Motion for Leave to File an Out of Time Notice of Appeal* [ECF No. 22], seeking additional time to file an appeal because he "did not receive notice until it was brought to his attention." ECF No. 22.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the Motion to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 24. On September 6, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court deny the

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING OBJECTIONS [ECF NO. 28], AND DENYING MOTION FOR LEAVE TO FILE OUT OF TIME APPEAL [ECF NO. 22]**

Motion because Petitioner did not show excusable neglect or good cause for the extension. ECF No. 25.

The R&R also informed the parties that they had fourteen (14) days plus an additional three (3) days from the date of the filing of the R&R to file "specific written objections identifying the portions of the Report and Recommendation[s] to which objection is made, and the basis for such objection." Id. It further warned them that the "[f]ailure to timely file objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. Petitioner timely filed an objection to the R&R. ECF No. 28.

On September 28, 2023,[1] Petitioner timely submitted his *Objections to Report and Recommendations of the United States Magistrate Judge*. ECF No. 28. Petitioner objects to the Magistrate Judge's finding that the notice of appeal is approximately thirteen years late. ECF No. 28. Rather, Petitioner contends that he "is

---

[1] While the Court received Petitioner's objections to the R&R on September 28, 2024, the Petitioner certified that the objections were delivered to prison authorities for mailing on September 21, 2023. See Hartman v. Core Rover Officer, No. 3:20-CV-226, 2021 WL 614926, at *1 (N.D.W. Va. Feb. 17, 2021) (discussing the prison mailbox rule); Houston v. Lack, 487 U.S. 266, 270–72 (1988) (holding that a pro se prisoner's legal document is deemed filed on the date the prisoner delivers it to prison mailroom authorities). Relying upon either date, the objections were lodged within the permitted timeline.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING OBJECTIONS [ECF NO. 28], AND DENYING MOTION FOR LEAVE TO FILE OUT OF TIME APPEAL [ECF NO. 22]**

seeking leave to appeal his recently denied Section 2241 Petition filed on or about September 5, 2023." Id.

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING OBJECTIONS [ECF NO. 28], AND DENYING MOTION FOR LEAVE TO FILE OUT OF TIME APPEAL [ECF NO. 22]**

CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

### III. ANALYSIS

Under Federal Rule of Appellate Procedure 4, a district court may extend the time to file a notice of appeal when "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

Petitioner's only objection to the R&R is that he believes the Magistrate Judge incorrectly found that the notice of appeal should have been filed thirteen years ago. ECF No. 28. Instead,

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING OBJECTIONS [ECF NO. 28], AND DENYING MOTION FOR LEAVE TO FILE OUT OF TIME APPEAL [ECF NO. 22]**

Petitioner asserts that he wants to appeal the "recently denied" §2241 Petition filed on or about September 5, 2023. ECF No. 28.

However, Petitioner does not provide any support for his contention that there was a "recently denied" §2241 Petition before this Court. The only motion filed on September 5, 2023, was the subject *Motion for Leave to File an Out of Time Notice of Appeal* [ECF No. 22]. Rather, the only §2241 Petition within Civil Action 2:10-CV-8 was filed on January 21, 2010, and was ultimately disposed of on July 6, 2010. ECF Nos. 18, 19. And, as noted in the R&R, Petitioner accepted service of the Order denying his §2241 Petition on July 7, 2010. ECF No. 20. Thus, he was aware of the denial over thirteen years ago and could have filed a notice of appeal at such time. Moreover, Petitioner does not provide any other basis – either good cause or excusable neglect – for extending the time to file a notice of appeal.

The objection is unspecific and is unsupported by both the record and legal authority. Accordingly, the Court reviewed the R&R for clear error and found none. For those reasons, Petitioner's objection is **OVERRULED** [ECF No. 28].

### IV. CONCLUSION

For these reasons, the Court **ADOPTS** the R&R in its entirety [ECF No. 25] and **OVERRULES** Petitioner's objection [ECF No. 28].

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING OBJECTIONS [ECF NO. 28], AND DENYING MOTION FOR LEAVE TO FILE OUT OF TIME APPEAL [ECF NO. 22]**

*The Motion for Leave to File an Out of Time Notice of Appeal* is **DENIED** [ECF No. 22].

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record via email and the pro se Petitioner via certified mail, return receipt requested.

**DATED**: April 16, 2024

*Tom S Kleeh* (signature)

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA